Commonwealth, Appellant, *v.* Farmers Loan & Trust Co., Executor and Trustee.

Reargued May 27, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Philip S. Moyer,* Deputy Attorney General, with him *James W. Shull,* Deputy Attorney General, and *Cyrus E. Woods,* Attorney General, for appellant.—The conclusions reached in the opinion in the case of Farmers Loan & Trust Co., etc., v. New York Central R. R., do not alter the situation as to the present case: Smith v. Loughman, 245 N. Y. 486; Schmaltz v. Mfg. Co., 204 Pa. 1; Hartley Silk Mfg. Co. v. Berg., 48 Pa. Superior Ct. 419; Kean v. Rice, 12 S. & R. 203.

*R. M. Remick*, of *Saul, Ewing, Remick & Saul,* with him *Nauman & Smith, Earl G. Harrison* and *Cadwalader, Wickersham & Taft,* of New York City, for appellee. —The order of this court rendered upon the original argument and based on the proposition that actual reciprocity between New York and Pennsylvania had been abrogated by the New York Act of March 12, 1928, should manifestly be reconsidered in view of the decision of the Court of Appeals of New York, handed down since the decision of this court, declaring the New York Act of March 12, 1928, unconstitutional and void because of its attempted interference with reciprocity theretofore existing: City Bank Farmers Trust Co. v. R. R., 253 N. Y. 49.

The Court of Appeals of New York having also held, since the decision of this court, that reciprocity between New York and Pennsylvania has been continuously in effect since July 1, 1925, so far as the New York laws are concerned, the spirit as well as the letter of the Pennsylvania reciprocity statute has been complied with and the order of the court below holding that the Commonwealth of Pennsylvania had no right to impose a transfer inheritance tax in this case should be affirmed.

*Taylor, Blanc, Capron & Marsh,* of New York City, amici curiæ.

OPINION BY MR. JUSTICE SIMPSON, June 21, 1930:

At this reargument, two things were conceded by counsel for the Commonwealth and all the other parties in interest: (1) Our prior opinion (297 Pa. 335) reached the only conclusion reasonably possible under the status as it then existed; and (2) The later opinion of the Court of Appeals of New York in City Bank Farmers Trust Co., executor, etc., v. The New York Central R. R. Co., 253 N. Y. 49, has so changed that status as to make it wise for us, before entering final judgment, to give to our own State and to New York, an opportunity to

reëstablish fully, as a matter of fact as well as of law, the reciprocity provided for by the respective Acts of 1925. This reciprocity, which was inaugurated by us and by New York, has since been adopted by thirty-five other states, by the District of Columbia, by the territory of Hawaii, and by the Provinces of Ontario and Yukon, Canada; and is in keeping with modern tendencies, which in effect say that, in matters other than political, state and sometimes national lines should be as little recognized as the equator or any other imaginary line dividing the earth's surface. Since the legislative branches of the two states will probably be called upon to consider the subject with which we are dealing, it seems wise to again set forth the past as well as the present status of the matter.

The legislature of New York, by a statute passed March 16, 1925, but not to take effect until July 1, 1925 (chapter 143, paragraph 9 of its laws for 1925, page 166), and the legislature of this Commonwealth, by the Act of May 14, 1925, P. L. 717, 718, each provide that personal property of a nonresident decedent shall not be taxed if a like exemption is made by the law of the other state. Had both these statutes been valid and enforceable, the present decedent's estate would have been relieved from liability for the tax sought to be recovered in this case, because he died December 4, 1925, a resident of New York. Unfortunately, however, by a misinterpretation of the opinion in Smith v. Loughman, 245 N. Y. 486, the acting attorney general of that state advised its taxing authorities that the effect of the decision was to determine that the reciprocity provided by their Act of 1925 was unconstitutional, and hence they should thereafter collect such taxes exactly as they had done prior to the passage of that statute. They accepted and acted upon his advice, notified the auditor general of this State of their intention so to do, and advised him to act likewise, which he did.

Apparently accepting the opinion of their acting attorney general as correct, the legislature of New York, on March 12, 1928, (chapter 330 of its laws for 1928, page 825, 839), repealed so much of their Act of 1925 as was supposed to be unconstitutional, and authorized a readjustment and refund of the ad interim transfer inheritance taxes collected from the estates of decedents, who were residents of Pennsylvania and had died after July 1, 1925, provided we refunded to the estates of New York decedents, dying after that date, the like taxes collected by us from them; but expressly enacted that such readjustments and refunds should not be made or allowed unless Pennsylvania did likewise in respect to the taxes charged and collected by it. This we were unable to do, and still are unable to do, because no appropriation has been made by the legislature for that purpose.

Thus matters stood when the Court of Appeals of New York, in City Bank Farmers Trust Co., Executor, etc., v. The New York Central R. R. Co., supra, decided that its opinion in Smith v. Loughman, supra, was not intended to and did not affect the reciprocal provision of the New York Act of 1925, and that their later Act of 1928, in so far as it attempted to revoke the exemption provided by the Act of 1925, was, with respect to past transactions, a denial of due process of law and violated the 14th Amendment to the Constitution of the United States. Referring to our previous opinion in this case, that court said: "Its careful opinion seizes with precision upon the test to be applied, and states it in a few words with directness and simplicity: 'An actual reciprocity is that for which the statutes of both states attempt to provide, not an unenforceable right to reciprocity.' Actual reciprocity, however, is not destroyed by the failure of administrative officers to execute a law in the mistaken belief that it has ceased to bind them," whether they are the State Tax Commission of New York or the Auditor General of Pennsylvania.

It further stated that "the taxes erroneously collected [by New York] if payment was seasonably challenged ......have been subject to be refunded through appropriate proceedings." This would seem to imply that no further taxes of this character, becoming due after July 1, 1925, should be collected by that state from the estates of Pennsylvania decedents.

In spite of this, its attorney general, as late as May 16th, 1930, advised its tax commission: "It is my opinion that, until a changed expression authoritatively made upon the part of Pennsylvania, you will be proceeding in accordance with the opinion of the court of appeals in [the last cited case] if you collect taxes and withhold refunds upon the basis that no relation of reciprocal exemption from inheritance taxation existed between New York State and Pennsylvania during the period from July 1, 1925, to March 12, 1928, inclusive," between which dates the present testator died. Whether or not this conclusion is in accord with the "seasonably challenged" clause of the above opinion, is not for us to decide; but we know that, because of his advice, the estates of Pennsylvania decedents cannot now recover back the taxes heretofore paid, nor successfully claim exemption from future demands for payment, if their testators died between the dates stated, no matter what they may have done or may do. We further know that the treasurer of this State cannot pay back to the estates of New York decedents, who died between the dates stated, the sums which were collected from those estates, until and unless an enabling statute is passed by our legislature.

The result of the proceedings we have detailed above is that, as a matter of fact, there has been no actual reciprocity on this subject, between this State and New York, since the first mentioned advice of the acting attorney general of the latter state, following the decision in Smith v. Loughman, supra, although, as a matter of law, the reciprocity statute of each state has been and is actually in effect. For this reason, we should

not require our State to give up its claim in the present case, since "an actual reciprocity is that for which the statutes of both states attempt to provide, not an unenforceable right to reciprocity," for to do so would be to enable this estate of a New York decedent to escape paying the tax, though none of our decedents' estates are reciprocally exempted.

Nor do we think we should now enter judgment against defendants. The reciprocity acts under consideration, which establish a public policy of great benefit to all the people, have been approved by the executive, the legislative and the judicial branches of the governments of both states, and should not be allowed to fail for want of such confirmatory legislation as may be needed. Our decedents, who died between July 1, 1925, and March 12, 1928, were told by our Act of 1925, following the similar statute of New York, that any personal property they had in New York would not be taxed there as well as here, and they had the right to dispose of their estates in reliance thereon. New York decedents who died between these dates, if they had personal property in Pennsylvania, had a like right to believe it would not be taxed here. We cannot think that either sovereignty will care to defeat that just expectation.

We have determined, therefore, to withhold final decision on this appeal, until each state has had the opportunity to reëstablish full reciprocity, by providing, through appropriate legislation, that all the money actually paid to it by the estates of decedents who were resident in the other, for the taxes exempted by these reciprocity statutes, will be returned to those estates, whether or not they complied with the then existing laws relating to the recovery back of such payments; at the same time giving to each party to this record the right to apply for a final disposition of the appeal, after there is no further reason for retaining the record for the purpose stated.

It is accordingly so ordered.